# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JULIE HOOPER,**

    **Plaintiff,**

    v.

**TRIMBLE BOARD OF EDUCATION,**

    **Defendant.**

Case No. 2:21-cv-2749
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Defendant's Partial Motion for Judgment on the Pleadings (ECF No. 4.) For the following reasons, Defendant's Motion is **GRANTED**.

## I. STATEMENT OF FACTS

Plaintiff, Julie Hooper, is a former employee of Defendant, Trimble Board of Education. She was employed as a cook at Trimble Middle-Elementary School beginning in August 2014. (Compl. ¶¶ 16–18, ECF No. 1.) According to Plaintiff, she has anxiety, depression, and centronuclear myopathy (a congenital condition that causes severe muscle weakness), which significantly limit her ability to work. (*Id.* ¶¶ 19–22.) Plaintiff avers that she sought leave under the Family and Medical Leave Act ("FMLA") as a result of these mental and physical impairments and that Defendant denied her initial FMLA leave request before granting her second FMLA leave request. (*Id.* ¶¶ 36–47.) Plaintiff also avers that Defendant retaliated against her for using her FMLA leave and that Defendant did not provide reasonable accommodations for her conditions. (*Id.* ¶¶ 53–68.) Eventually, Plaintiff alleges that Defendant forced her to resign because of her conditions and in retaliation for using FMLA leave. (*Id.* ¶¶ 74–84.) Plaintiff filed this suit on May 24, 2021, against Defendant for: (1) disability discrimination in violation of the Americans with

1

Disabilities Act ("ADA"), (2) disability discrimination in violation of Ohio Revised Code § 4112.01, (3) unlawful interference with FMLA rights, and (4) retaliation in violation of FMLA. (*Id.* ¶¶ 116–170.)

Plaintiff seeks reinstatement of employment and expungement of her personnel file, compensatory damages, attorneys' fees, and punitive damages. (*Id.* ¶¶ 12–13.) Plaintiff also seeks a permanent injunction to: (1) require Defendant to "abolish discrimination, harassment, and retaliation," (2) require allocation of funding and staff to "implement all changes within two years," (3) require removal or demotion of all supervisors involved with discrimination, harassment, or retaliation, (4) require creation of a process for prompt investigation of complaints, and (5) require mandatory training on discrimination, harassment, and retaliation. (*Id.*)

Defendant filed this Partial Motion for Judgment on the Pleadings on July 29, 2021, and Plaintiff did not respond.

## II. STANDARD

Courts review Rule 12(c) motions—for judgment on the pleadings—in the same manner it would review a motion made under Federal Rule of Civil Procedure 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Rule 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. Generally, an action will be dismissed under this standard if "the facts alleged are insufficient to state a claim." *Stew Farm v. Natural Res. Conservation Serv.*, 967 F. Supp. 2d 1164, 1169 (S.D. Ohio 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Several considerations inform whether a complaint meets the facial-plausibility standard. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Further, the factual allegation of a pleading "must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint will not, however, "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Courts must construe the claim at issue in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).

"A federal court sitting in diversity must apply the law of the highest state court if the court has ruled on the matter in dispute; otherwise, the court may rely on case law from lower state courts." *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014).

### III. DISCUSSION

Defendant first contends that Plaintiff may not recover punitive damages against Defendant on any of her claims as a matter of law. Defendant next contends that Plaintiff failed to plead facts that would entitle her to a permanent injunction. The Court addresses each contention in turn.

**A. Punitive Damages**

**1. FMLA Claims**

Defendant contends that Plaintiff is unable to recover punitive damages her FMLA interference and retaliation claims as a matter of law. The FMLA lists the types of damages a plaintiff may receive, but does not include punitive damages:

> Any employer who violates 29 USCS § 2615 shall be liable to any eligible employee affected for damages equal to (i) the amount of (I) any wages, salary,

3

> employment benefits, or other compensation denied or lost to such employee by reason of the violation; or (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation; (ii) the interest on the amount described in clause (i); and (iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii) [when the employer acted in bad faith.]

29 U.S.C. § 2617. The Sixth Circuit interprets this as the exclusive list of damages available and consequently precludes awards of punitive or emotional damages under the FMLA. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1007 (6th Cir. 2005) ("[b]ecause the FMLA specifically lists the types of damages that an employer may be liable for, and it includes damages only insofar as they are the actual monetary losses of the employee such as salary and benefits and certain liquidated damages, the FMLA does not permit recovery for emotional distress."); *see also Smith v. Grady*, 960 F.Supp.2d 735, 759 (S.D. Ohio 2013) (holding that punitive and emotional distress damages are unavailable under the FMLA); *Johnson v. Honda of Am. Mfg.*, 221 F. Supp. 2d 853, 858 (S.D. Ohio 2002) (same). Therefore, Plaintiff may not recover punitive damages under the FMLA and the Court **GRANTS** Defendant's motion for judgment on Plaintiff's FMLA claim for punitive damages.

    **2. ADA Claim**

Defendant next asserts that Plaintiff is unable to recover punitive damages for her ADA claim as a matter of law. Federal law and corresponding cases indicate that plaintiffs cannot recover punitive damages from political subdivisions such as Boards of Education. *Grady*, 960 F.Supp.2d at 760 ("political subdivision[s] are…immune from punitive damages for unlawful intentional discrimination."). Since Defendant is a Board of Education, the Court **GRANTS** Defendant's motion for judgment on the pleadings regarding Plaintiff's ADA punitive damages claim.

### 3. § 4112.01 Ohio Disability Discrimination Claim

Similarly, Plaintiff cannot recover punitive damages under R.C. § 4112.01 because punitive damages cannot be awarded in an action against a political subdivision unless there is a provision to the contrary. R.C. § 2744.05 ("in an action against a political subdivision to recover damages…caused by an act or omission in connection with a governmental or proprietary function…punitive or exemplary damages shall not be awarded"); *see also Schaad v. Buckeye Valley Loc. Sch. Dist. Bd. of Educ.*, 5th Dist. Delaware No. 15 CAE 08 0063, 2016-Ohio-569, ¶34. Therefore, Plaintiff may not seek punitive damages under R.C. § 4112.01 as a matter of law because Defendant is a political subdivision and was acting in its government capacity as a Board of Education when it allegedly denied her FMLA leave, retaliated against her, and discriminated against her while she was an employee. The Court **GRANTS** Defendant's motion for judgment regarding punitive damages under R.C. § 4112.01.

### B. Permanent Injunction

Defendant also asserts that Plaintiff fails to plead facts that would entitle her to relief for a permanent injunction. In order to be granted a permanent injunction, a plaintiff must demonstrate four requirements: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). An irreparable injury is one that "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). An injury is irreparable if it is not fully compensable by monetary damages. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305

F.3d 566, 578 (6th Cir. 2002) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992)).

Plaintiff seeks a permanent injunction to: (1) require Defendant to "abolish discrimination, harassment, and retaliation," (2) require allocation of funding and staff to "implement all changes within two years," (3) require removal or demotion of all supervisors involved with discrimination, harassment, or retaliation, (4) require creation of a process for prompt investigation of complaints, and (5) require mandatory training on discrimination, harassment, and retaliation.

The Court agrees with Defendant that Plaintiff has not plead sufficient facts that suggest she suffered an irreparable injury with no adequate remedy at law. Plaintiff could be granted reinstatement and compensatory damages under the FMLA, ADA, or Ohio law, which are all adequate remedies. *See* 29 U.S.C. § 2617 (FMLA remedies offering monetary, declaratory, and injunctive relief); R.C. § 4112.99 (allowing awards for "damages, injunctive relief, or any other appropriate relief" for employment discriminatory practices); 42 U.S.C. § 2000e-5(g) (ADA, allowing the same remedies). Further, Plaintiff has not shown a prospective threat of injury because her allegations are limited to past injuries. (*See generally* Compl.) The Court, therefore, **GRANTS** Defendant's motion for judgment on the pleadings with respect to Plaintiff's request for a permanent injunction.

### IV. CONCLUSION

For the reasons stated, Defendant's Partial Motion for Judgment on the Pleadings, (ECF No. 4), is **GRANTED** in accordance with this Opinion and Order. This case remains open.

IT IS SO ORDERED.

**12/13/2021**                                          s/Edmund A. Sargus, Jr.
**DATE**                                                 EDMUND A. SARGUS, JR.
                                                         UNITED STATES DISTRICT JUDGE